IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAREANNA BRITTON,<br><br>    Plaintiff,<br><br>v.<br><br>GWINNETT NEWTON ROCKDALE HEALTH DEPARTMENT,<br><br>    Defendant. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Shareanna Britton ("Plainiff" or "Ms. Britton"), by and through undersigned counsel, and files this, her Complaint for Damages against Gwinnett Newton Rockdale Health Department ("Defendant") and respectfully shows the Court as follows:

### I. NATURE OF COMPLAINT

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

1

2.

This action seeks declaratory relief and damages for Defendant's violations of Plaintiff's rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), for subjecting her to wrongful and negligent sexual harassment and retaliation.

## II.  JURISDICTION AND VENUE

3.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §1343(a)(4).

4.

Defendant is qualified to do business in this District, and the unlawful employment practices alleged in this Complaint were committed within this District.

5.

Therefore, in accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000e-5(f), venue is appropriate in this Court.

### III. **PARTIES**

6.

At all times relevant to this matter, Defendant employed Ms. Britton, through its agent. Ms. Britton submits herself to the jurisdiction of this Court.

7.

At all times material hereto, Defendant has been an "employer" as defined by Title VII.

8.

During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII; Defendant is therefore covered under Title VII in accordance with 42 U.S.C. § 2000e(a).

9.

During all times relevant hereto, Defendant has employed 201 or more employees for the requisite duration under Title VII.

10.

Defendant may be served through its Chief Executive Officer, Audrey Arona, at her place of employment, 2570 Riverside Pkwy, Lawrenceville, GA 30046.

## IV. ADMINISTRATIVE PROCEDURES

11.

Plaintiff timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on November 13, 2020.

12.

The U.S. Department of Justice, Civil Rights Division issued a "Notice of Right to Sue" on March 18, 2022, entitling an action to be commenced within ninety (90) days of Plaintiff's receipt of that notice.

13.

Plaintiff timely files this action within ninety (90) days of receipt of the Notices of Right to Sue and all conditions precedent to bring this action have been completed, satisfied, or waived.

## V. FACTUAL ALLEGATIONS

14.

On July 8, 2020, Ms. Britton began working for Jackson Nurse Professionals, LLC ("Jackson Nurse") and COR Clinical Operations Renewal LLC ("COR Clinical") acting as the agents of as a Travel Nurse. Plaintiff was engaged via a series of 4-week, renewing contract.

15.

Ms. Britton was assigned and contracted with the Defendant Gwinnett Newton Rockdale Health Department, through Jackson Nurse and COR Clinical.

16.

Ms. Britton's supervisor during her employment with Defendant was Shanna Bookal.

17.

During the course of Ms. Britton's employment with Defendant, she was subjected to inappropriate sexual comments by Ms. Bookal.

18.

For example, Ms. Bookal told Ms. Britton, "you have a great behind" and "you are so thick."

19.

Ms. Bookal also touched Ms. Britton inappropriately and without her consent.

20.

On one occasion, Ms. Bookal grabbed Ms. Britton's behind multiple times. Plaintiff asked her to stop each time, but Ms. Bookal did not.

21.

On or about August 21, 2020, Ms. Britton complained to Bonnie Matthews, an agent of Defendant GNR, about Ms. Bookal's harassment and inappropriate touching.

22.

Upon information and belief, prior to Ms. Britton's complaint, other employees had complained about Ms. Bookal's harassment and propensity to engage in sexually inappropriate behavior.

23.

Ms. Britton was extended a series of contracts, with the last such contract being from August 30 to September 26.

24.

However, ten days after her complaint of sexual harassment, on August 31, 2020, without any reason, Defendant, acting through its agents, breached the contract with Plaintiff and terminated her employment.

25.

Defendant has alleged that Plaintiff was "accidentally" given a contract from August 30 to August 31, which is disputed by the signed contract from August 30 to September 26, demonstrating that this proffered explanation is pretextual.

26.

Defendant terminated Ms. Britton because of her complaints of sexual harassment.

27.

Defendant's proffered reason for terminating Ms. Britton's employment are a pretext for retaliation.

28.

Defendant, through its agents, allowed Ms. Bookal to subject her subordinate employee, Ms. Britton, to severe and pervasive sexual harassment while she was as employee.

29.

Defendant was aware of Ms. Bookal's propensity to sexually harass its female employees, including Ms. Britton.

30.

Shortly before Plaintiff complained about Ms. Bookal's sexually harassing conduct, a co-worker, Latrece Barbour complained about Ms. Bookal's sexually harassing conduct and, like Plaintiff, was terminated by Defendant, acting through its agent.

31.

The sexual harassment to which Plaintiff was subjected was severe or pervasive, altering the terms and conditions of Plaintiff's employment so as to violate Title VII's prohibition on sex discrimination.

32.

Defendant created a hostile work environment that Ms. Britton was required to endure as a condition of her employment.

33.

Defendant chose not to take reasonable steps to prevent sexual harassment from occurring, despite its knowledge of its employee's propensity for sexual harassment.

34.

Defendant failed to take appropriate remedial actions to correct the sexual harassment of Plaintiff.

### VI.  CLAIMS FOR RELIEF

### COUNT ONE:  SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

35.

Plaintiff re-alleges paragraphs 1-34 as if set forth fully herein.

36.

Defendant's actions in subjecting Plaintiff to severe and ongoing sexual harassment constitute unlawful discrimination on basis of Plaintiff's gender in violation of Title VII.

37.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

38.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect her status as an employee because of her gender.

39.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

40.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination and retaliation.

## COUNT TWO: RETALIATION IN VIOLATION OF TITLE VII

41.

Plaintiff re-alleges paragraphs 1-34 as if set forth fully herein.

42.

Plaintiff's complaints about unwelcomed sexual comments and advances constitute conduct protected under Title VII.

43.

Defendant's termination of Plaintiff's employment because of her complaints of sexual harassment constitutes unlawful retaliation in violation of Title VII.

44.

Accordingly, Defendant violated Plaintiff's rights pursuant to the Civil Rights Act of 1991, and is liable for compensatory damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(a)(1).

45.

As a direct and proximate result of Defendant's actions, Plaintiff has suffered economic and non-pecuniary damages.

46.

Defendant willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

47.

Defendant is therefore liable for damages caused proximately resulting from its retalation against Plaintiff.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages for lost wages and benefits and prejudgment interest thereon;

(c) Reasonable attorney's fees and expenses of litigation;

(d) Trial by jury as to all issues;

(e) Prejudgment interest at the rate allowed by law;

(f) All other relief to which she may be entitled.

Respectfully submitted the 16th day of June, 2022.

            **BARRETT & FARAHANY**

            */s/ Matthew C. Billips*
            Matthew C. Billips
            Georgia Bar No. 057110

            *Attorney for Plaintiff Shareanna Britton*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
matt@justiceatwork.com